Zhang v. Sessions

BIA
Poczter, IJ
A205 442 970

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of April, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

YAN LIN ZHANG,
> *Petitioner,*

> v.                                    15-3316
>                                       NAC
JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.**

_____

FOR PETITIONER:           Lewis G. Hu, New York, N.Y.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jefferson B. Sessions III is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

**FOR RESPONDENT:**     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Emily Anne Radford, Assistant Director; Jesse D. Lorenz, Trial Attorney; Christin M. Mitchell, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yan Lin Zhang, a native and citizen of China, seeks review of a September 29, 2015, decision of the BIA affirming a March 12, 2014, decision of an Immigration Judge ("IJ") denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yan Lin Zhang*, No. A205 442 970 (B.I.A. Sept. 29, 2015), *aff'g* No. A205 442 970 (Immig. Ct. N.Y. City Mar. 12, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA (i.e., minus the IJ's pretermission of asylum on which the BIA did not rely). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.    8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements and other evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim."    8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.   "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted).   "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  Further, "[a] petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled*

3

to credit h[er] testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted).  For the following reasons, we conclude that substantial evidence supports the agency's determination that Zhang was not credible.

First, the credibility determination is supported by the inconsistency between Zhang's testimony and application about whether she struggled with police.  *See Xiu Xia Lin*, 534 F.3d at 163-64.  Zhang testified that she did not resist arrest or struggle with police when she was arrested for distributing flyers from her underground church.  Administrative Record ("A.R.") at 88, 106.  However, she stated in her application that one of the officers "held [her] down."  *Id.* at 269.  When confronted with this inconsistency, Zhang stated incorrectly that she *had* testified that she was "grabbed" and later explained incoherently that she "just remember[ed] at the time he arrested me."  *Id.* at 106.  The agency was not compelled to accept these explanations because they did not explain the discrepancy.  *See Majidi*, 430 F.3d at 80.  The IJ also reasonably found that this was a major inconsistency because it relates to Zhang's one purported arrest in China.  Zhang asserts for the first time on appeal that this inconsistency

4

was the result of a translation error; however, we decline to consider this unexhausted argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

Second, the agency reasonably based the credibility determination on the submission of Zhang's aunt's written statement and the inconsistencies between that statement and her testimony. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007). Zhang's aunt attested in her statement that she visited Zhang's family in China during the 2012 Spring Festival and that, during the visit, she had learned that Zhang was coming to the United States. A.R. at 220. Zhang's aunt testified, however, that she was unaware of any Spring Festival in China and, after several questions, admitted that she was illiterate and that Zhang might have authored the statement herself. *Id.* at 126-27. The agency reasonably relied on Zhang's submission of this false written statement to find her not credible. *See Siewe*, 480 F.3d at 170 (providing that an asylum applicant's presentation of "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or

5

unauthenticated evidence . . . [and] may also influence the IJ's assessment of . . . the credibility of the petitioner").

Third, the agency reasonably based the credibility determination on the inconsistencies between Zhang's and her aunt's testimony. *See Xiu Xia Lin*, 534 F.3d at 163-64. Zhang's aunt testified inconsistently with Zhang regarding where they had dinner on New Year's Eve (at Zhang's house or a restaurant), whether they saw each other only twice or several times in 2012, and where they first saw each other in the United States. A.R. 103-04, 122, 124-26. Neither Zhang nor her aunt could explain these inconsistencies, and the agency was not compelled to accept Zhang's aunt's explanation that she is elderly and has a poor memory, *id.* at 104, 125-31. *See Majidi*, 430 F.3d at 80. Although these inconsistencies do not relate to the core of Zhang's claim, the agency was entitled to rely on them in further support of the credibility determination. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Tu Lin*, 446 F.3d at 402.

Finally, the agency reasonably based the credibility determination on inconsistencies within Zhang's aunt's testimony about when she learned of Zhang's arrest. *See Xiu Xia Lin*, 534 F.3d at 163-64. Although Zhang's aunt's testimony on this point is somewhat difficult to follow, and she was

6

reminded by the IJ to wait for the interpreter to translate the questions prior to answering, A.R. at 126-27, the record supports the agency finding that Zhang's aunt testified inconsistently about whether she was told of Zhang's arrest while in China. *See Siewe*, 480 F.3d at 167 ("Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous." (internal quotation marks omitted)). Moreover, even if we were to conclude that this inconsistency finding was erroneous, remand would be futile because "the agency's ultimate ruling—that the petitioner failed to provide a credible account of past persecution and thus failed to satisfy her burden of proof—is supported by substantial evidence and it is clear that the same decision would be made on remand." *Lianping Li v. Lynch*, 839 F.3d 144, 150 (2d Cir. 2016).

Given the agency's foregoing inconsistency findings and Zhang's submission of her aunt's false statement, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Tu Lin*, 446 F.3d at 402; *Siewe*, 480 F.3d at 170. A reasonable adjudicator would not be compelled to conclude otherwise. *Xiu Xia Lin*, 534 F.3d at 167. The credibility finding is

7

dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk